DPS-325                                             NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-1660
_____

RONALD G. JOHNSON,
Appellant

v.

U.S. PROBATION OFFICE OF
WILMINGTON DELAWARE

_____

On Appeal From the United States District Court
For the District of Delaware
(D.C. Civ No. 04-cv-01444)
District Judge: Honorable Kent A. Jordan
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
August 31, 2006

BEFORE: FUENTES, VAN ANTWERPEN and CHAGARES, CIRCUIT JUDGES

(Filed:   September 13, 2006)
_____

OPINION
_____

PER CURIAM

   Ronald G. Johnson appeals from the United States District Court for the District of

Delaware's dismissal of his "Motion for Transfer of Case to Proper Jurisdiction."  We

will dismiss the appeal pursuant to 28 U.S.C. 1915(e)(2)(B).

Johnson was convicted of twenty counts of preparing or aiding and abetting the preparation of false claims against the United States by the United States District Court for the Western District of Virginia. In November 2004, while incarcerated at FCI-Coleman in Florida, Johnson sought federal habeas relief pursuant to 28 U.S.C. §§ 2255 and 2241 in the United States District Court for the District of Delaware. On December 6, 2004, the District Court dismissed for lack of jurisdiction, holding that Johnson should have filed his § 2255 motion in the court in which he was sentenced and that his § 2241 petition should have been filed in the district with jurisdiction over the custodian. The Court denied Johnson's motion for reconsideration in December 2004. This Court summarily affirmed (with regard to the § 2241 petition) and declined to issue a certificate of appealability (with regard to the § 2255 motion). See C.A. No. 04-4710.

In January 2006, over a year after the District Court's dismissal, Johnson filed a motion claiming that his earlier filings should have been transferred to the proper jurisdiction by the District Court. The District Court promptly denied the motion and Johnson now appeals.

Although Johnson did not include any authority in support of his motion, the motion is best understood as asking the District Court to reconsider its 2004 dismissal. Neither of the provisions that might apply to such a motion would allow a court to act on Johnson's motion. Johnson filed the motion well after the ten-day time period permitted by Rule 59(e), and the motion is untimely with regard to Rule 60(b)(1)-(3). Nor is he

entitled to relief under Rule 60(b)(4)-(6).

Even if Johnson's motion raised a timely and cognizable claim for the District Court's reconsideration, the District Court no longer had the power to act in this matter because Johnson had already appealed the dismissal of his § 2241 and § 2255 filings to this Court. The District Court closed the case on the docket, and we summarily affirmed the District Court's judgment and declined to issue a certificate of appealability. See Venen v. Sweet, 758 F.2d 117, 120 (3d Cir. 1985).

Because the appeal lacks merit, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B). The Appellees' motion for summary action is denied as moot. Appellant's motion for appointment of counsel is denied; the motion for "deferral of ruling on Appellee's motion" is denied as moot.